# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. PASSARELLA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-5641 |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH CELLINI, PERRY | : | |
| GALLESE, and JOHN CONTESSE, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                          January 31, 2019

      This is the second occasion that the *pro se* prisoner plaintiff has applied for leave to proceed *in forma pauperis* and has filed a complaint relating to allegations that his sister, a used car dealer, and an automobile tag agency sold his 2003 Chevrolet Malibu and removed him from the title of the vehicle without his consent. The court had dismissed the complaint in the first action for the plaintiff's failure to state a federal claim and for a lack of subject-matter jurisdiction over any possible state law tort claims, and ultimately dismissed the action for lack of prosecution after the plaintiff failed to file a timely amended complaint. The plaintiff attempted to revive the action, but the court denied his requests because he continually failed to assert allegations that would allow him to maintain a claim in federal court.

      Despite the court providing the plaintiff with a detailed explanation as to why the court was dismissing the action and explicit instructions to file any possible state law claims that he has in the appropriate state court, the plaintiff has once again filed a complaint with the same facts alleged in the prior action in federal court. As nothing in the instant complaint changes the reasons why the court dismissed the complaint in the prior action, the court will grant the plaintiff leave to

proceed *in forma pauperis* and will once again dismiss the complaint without leave to amend. Although the court will dismiss any federal claims asserted with prejudice, the court will dismiss any possible state law claims without prejudice to the plaintiff filing a civil action in the appropriate state court.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

As indicated above, this is the second action that the *pro se* plaintiff, William J. Passarella ("Passarella"), filed relating to the subject matter in the complaint filed in this case.[1] In July 2018, Passarella filed his first complaint against his sister, Elizabeth Cellini ("Cellini"), Perry Gallese ("Gallese") and John Contesse ("Contesse"). *See* Compl., *Passarella v. Gallese, et al.*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 1. According to the complaint filed in that case, Cellini sold Passarella's car to "Michael Used Cars" in Landsdowne, Pennsylvania, without his consent. *See id.* at ECF pp. 4, 5. Gallese, the owner of Michael Used Cars, went to Contesse Auto Tags on September 19, 2017, and Contesse illegally removed Passarella's name from the title for the car. *See id.* at ECF p. 5. Passarella asserted that he was proceeding against the defendants under 42 U.S.C. § 1983, and he sought $2,100 in compensatory damages and $75,000 in punitive damages from each defendant. *See id.*

The court granted Passarella leave to proceed *in forma pauperis* and dismissed the complaint prior to service. *See* Mem. Op., *Passarella v. Gallese, et al.*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 9; Order, *Passarella v. Gallese, et al.*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 10. The court noted that "this was the fourth action that [Passarella] had filed in federal court in less than a year, and similar to the prior three cases, this case appear[s] to have been improperly filed in federal court." *See* Mem. Op. at 3, *Passarella v. Gallese, et al.*, Civ. A. No. 18-3081 (E.D. Pa.),

---

[1] Passarella is currently incarcerated at Pennsylvania State Correctional Institution – Mahanoy. *See* Compl. at ECF p. 6, Doc. No. 2.

2

Doc. No. 9. In that vein, the court dismissed Passarella's complaint because he failed to allege any plausible basis for a federal claim and failed to allege a basis for the court to exercise diversity jurisdiction over any state law claims under 28 U.S.C. § 1332. *See id.* at 7–8. The court also denied Passarella's motions for the appointment of counsel. *See* Mot. for Appointment of Counsel, *Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 5; Mot. for Appointment of Counsel, *Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 8; Mem. Op. at 8–9, *Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 9; Order at 3, *Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 10. The court provided Passarella with leave to file an amended complaint if he could state a basis for jurisdiction over his claims. *See* Mem. Op. at 8, *Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 9; Order at 2, *Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 10.

In response to the court's memorandum opinion and order, Passarella filed a "Motion to Speak out Regarding This" and a "Motion to File an Amened [sic] Complaint." *See Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. Nos. 12, 13. The court denied these motions and attempted to explain the basis for the prior decisions in the case in an effort to resolve some of Passarella's apparent confusion about federal jurisdiction, among other things.[2] *See* Order, *Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 14. The court ultimately dismissed the case for the failure to prosecute after Passarella failed to timely file an amended complaint. *See* Order, *Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 17.

---

[2] Prior to the filing of Civil Action No. 18-3081, Passarella had filed three other actions that were assigned to the undersigned, and each of those cases suffered from the same issues with the inability to assert a federal claim and inadequate allegations to establish diversity jurisdiction over any state law claims. *See Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.); *Passarella v. Citizen's Bank*, No. 18-2354 (E.D. Pa.); *Passarella v. Fleet Mortg.*, No. 18-2945 (E.D. Pa.). The instant case is one of three cases that Passarella has filed in late December 2018 and January 2019 where he essentially repeats allegations raised in these other cases that the court has dismissed. *See Passarella v. Passarella, et al.*, No. 19-91 (E.D. Pa.); *Passarella v. Citizen's Bank Supermarket Branch*, No. 19-108 (E.D. Pa.). Passarella's refiling of these actions illustrates that the court's attempts to educate and assist Passarella have failed.

Thereafter, Passarella filed a motion to reopen his case and a motion for leave to file an amended complaint. *See Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. Nos. 18, 19. The court denied those motions because Passarella had again failed to set forth a basis for subject-matter jurisdiction and failed to provide justification for reopening the case and proceeding on his claims. *See* Order, *Passarella v. Gallese, et al*, Civ. A. No. 18-3081 (E.D. Pa.), Doc. No. 20. The court again explained to Passarella that

> to the extent he believes he has valid claims against these defendants, the court dismissed the matter without prejudice to him refiling the matter in the appropriate state court. Continuing to attempt to bring this action or continue this action in a <u>federal court</u> is not the same as bringing an action in the Commonwealth of Pennsylvania's state court system by filing a complaint or a praecipe for a writ of summons in the appropriate county's Court of Common Pleas.

*Id.* at 1, n.1 (emphasis in original).

Less than two weeks after the court issued that order, the clerk of court docketed Passarella's complaint in this case along with an application for leave to proceed *in forma pauperis* and a prisoner trust fund account statement. *See* Doc. Nos. 1, 2. Passarella used the court's form complaint for prisoners seeking to file a civil rights action, and the allegations are based on the same series of events as alleged in the complaint filed in Civil Action No. 18-3081.[3] *See* Compl., Doc. No. 2. Passarella again alleges that (1) he purchased a 2003 Chevrolet Malibu for $2,100.00 on January 25, 2017; (2) Cellini, without Passarella's consent, sold this vehicle to Gallese at Michael's Used Car Lot in approximately February or March 2017, and (3) Contese, without Passarella's consent, transferred the title to the vehicle out of Passarella's name in September 2017. *See id.* at ECF pp. 7–8, 12. Passarella suggests that he is again seeking to raise federal civil rights

---

[3] The court notes that Passarella only included Cellini's name in the caption of the complaint and did not reference Gallese and Contesse in violation of Rule 10(a) of the Federal Rules of Civil Procedure. Nonetheless, Passarella identified them as defendants in the body of the complaint and since he did use "et al." in the caption, the court has included them as defendants in this action even though they are not listed in the caption.

4

claims, apparently pursuant to section 1983. *See id.* at ECF p. 5. Passarella seeks $2,100 in damages from Cellini and $25,000 in punitive damages from each defendant due to "mental stress," duress, and pain and suffering. *See id.* at ECF pp. 10, 11, 12. Passarella does not allege the citizenship of the parties and provides Pennsylvania addresses for all the parties. *See id.* at ECF pp. 4–6.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit,

5

leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application and prisoner trust fund account statement, it appears that Passarella is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[4]

### B. Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction

Because the court has granted Passarella leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit

---

[4] Since Passarella is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even though the court is ultimately dismissing this action.

6

to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Passarella bears the burden of

7

establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### C.     Analysis

The court will dismiss the complaint here for the same reason the court dismissed the complaint in the prior case. To the extent that Passarella is asserting a claim against the individual defendants under section 1983, he has failed to state a plausible basis for a federal claim against any of them. In this regard,

> [t]o succeed in a claim under § 1983, a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir.2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far

> insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and citation omitted).

Here, there are no allegations which plausibly show that the defendants are state actors. As such, Passarella may not proceed with any section 1983 claim against them. Passarella has also generally failed to include allegations that would support any other type of federal claim.

The only plausible claims that this court can discern are tort claims under state law. As with the prior action, the complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332. As previously explained to Passarella, the diversity jurisdiction statute, 28 U.S.C. § 1332, grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, Passarella has failed to allege the citizenship of the parties and it appears very likely that all the parties are citizens of Pennsylvania. *See Robinson v. Temple Univ. Health Servs.*, 506 F. App'x 112, 115 (3d Cir. 2012) (per curiam) (explaining that "[t]he traditional view is that a prisoner remains a citizen of the state of which he was a citizen before his imprisonment," and that other circuits "follow a rebuttable presumption model; those courts presume that a prisoner does not change his domicile by being incarcerated in a new state, but they permit him to rebut that presumption"); *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an

9

individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). Accordingly, Passarella has again failed to meet his burden of establishing that this court has subject-matter jurisdiction over this action. *Lincoln Benefit Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

### D. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). In this case, the court will not grant Passarella leave to amend because doing so would be futile insofar as (1) the court cannot conceive of any manner in which Passarella could plead sufficient facts showing that the defendants are state actors to justify a cause of action under section 1983, (2) it appears that he and at least one of the named defendants are citizens of the Commonwealth of Pennsylvania so the parties could never have complete diversity under 28 U.S.C. § 1332, and (3) he has repeatedly failed to establish a basis for proceeding in federal court on claims arising from the allegations in the instant complaint.

### III. CONCLUSION

For the foregoing reasons, the court will grant Passarella leave to proceed *in forma pauperis* and will dismiss the complaint. The court will dismiss Passarella's federal claims with prejudice but will dismiss any possible state law tort claims without prejudice to Passarella initiating a new civil action based on the same events alleged in the instant complaint in the appropriate state court.

The court will not provide him leave to file an amended complaint because doing so would be futile.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.